J. S53043/17

**NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
                                     :            PENNSYLVANIA
             v.                :
                                       :
BRUCE NORRIS,                 :          No. 285 EDA 2017
                                       :
            Appellant       :

Appeal from the PCRA Order, December 20, 2016,
in the Court of Common Pleas of Philadelphia County
Criminal Division at No. CP-51-CR-0618592-1975

BEFORE:  BENDER, P.J.E., OLSON, J., AND FORD ELLIOTT, P.J.E.

MEMORANDUM BY FORD ELLIOTT, P.J.E.:      **FILED AUGUST 18, 2017**

Bruce Norris appeals, ***pro se***, from the order of December 20, 2016,

dismissing his third PCRA[1] petition as untimely.  We affirm.

In an opinion in support of its order dismissing appellant's second

PCRA petition, the PCRA court set forth the history of this case as follows:

> On June 30, 1975, [appellant] was arrested
> and charged with murder and related offenses.  On
> October 31, 1975, following a jury trial, [appellant]
> was found guilty of second-degree murder, robbery,
> criminal conspiracy, possessing instruments of crime
> (PIC), and possessing prohibited weapons.  On
> January 19, 1976, the Honorable Alex Bonavitacola
> sentenced [appellant] to life imprisonment on the
> murder charge, 5 to 10 years['] state incarceration
> on the robbery charge, and 5 to 10 years['] state
> incarceration on the conspiracy charge.  The
> sentences on all charges were to run consecutively
> to one another.  In addition, Judge Bonavitacola

---

[1] Post-Conviction Relief Act, 42 Pa.C.S.A. §§ 9541-9546.

further sentenced [appellant] to 2½ to 5 years['] state incarceration on "the remaining count[,"] to run concurrently with the sentences on the other charges, although he did not specify which of [appellant]'s two remaining charges this sentence applied to.

On November 6, 1975, [appellant] filed a motion for a new trial. On February 17, 1976, [appellant] filed an appeal with the Supreme Court of Pennsylvania. On December 1, 1977, the Supreme Court affirmed the judgment of sentence. On June 2, 1978, [appellant] filed a petition for relief pursuant to the Post-Conviction Hearing Act (PCHA), alleging ineffective assistance of counsel based upon trial counsel's failure to obtain the statement of [appellant]'s co-defendant, to object to the Commonwealth Attorney's improper argument, to cross-examine the co-defendant as to bias and credibility, to cross-examine a witness based upon their inability to identify [appellant] at a previous lineup, and to raise these issues on appeal. On September 23, 1981, the PCHA Court found [appellant]'s petition to be without merit. [Appellant] appealed the dismissal of his petition to the Superior Court and, on October 1, 1982, the Superior Court affirmed the dismissal of [appellant]'s petition.

On April 18, 2012, [appellant] filed the instant petition for relief pursuant to the Post-Conviction Relief Act (PCRA), alleging ineffective assistance of counsel based upon trial counsel's advising him to reject the Commonwealth's plea offer of 25 years['] state incarceration without first advising [appellant] of the advantages and disadvantages of accepting the offer. On April 9, 2014, Barnaby Wittels, Esquire, was appointed as PCRA counsel. On February 25, 2015, Mr. Wittels filed a [**Finley**][2] letter stating that the issues raised in [appellant]'s petition were untimely, waived, and without merit.

---

[2] **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (**en banc**); **see also Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988).

> On June 12, 2015, this Court[Footnote 1] sent [appellant] a notice pursuant to Rule 907, indicating that his petition would be dismissed based upon Counsel's [**Finley**] letter and untimeliness. [Appellant] did not file a response to the 907 notice. On July 15, 2015, after independent review of [appellant]'s **pro se** petition and Counsel's [**Finley**] letter, this Court dismissed [appellant]'s petition without a hearing based upon Counsel's [**Finley**] letter and untimeliness. On August 13, 2015, [appellant] appealed the dismissal of his petition to the Superior Court.

> > [Footnote 1] On March 13, 2015, [appellant]'s PCRA petition was reassigned to this Court.

***Commonwealth v. Norris***, PCRA court opinion, 8/28/15 at 1-3.

On March 17, 2016, this court affirmed. ***Commonwealth v. Norris***, 2016 WL 1064472, 144 A.3d 201 (Pa.Super. filed March 17, 2016) (unpublished memorandum). Appellant did not file a petition for allowance of appeal with the Pennsylvania Supreme Court. On May 10, 2016, appellant filed the instant petition, his third, followed by a supplemental amended petition on August 24, 2016. On November 18, 2016, the PCRA court issued 20-day notice pursuant to Pa.R.Crim.P. 907. Appellant filed a response on December 2, 2016, and the PCRA court dismissed his petition on December 20, 2016. This timely appeal followed on January 5, 2017. Appellant was not ordered to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); however, on February 8, 2017, the PCRA court filed an opinion.

> The standard of review for an order denying post-conviction relief is limited to whether the record supports the PCRA court's determination, and whether that decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. Furthermore, a petitioner is not entitled to a PCRA hearing as a matter of right; the PCRA court can decline to hold a hearing if there is no genuine issue concerning any material fact and the petitioner is not entitled to post-conviction collateral relief, and no purpose would be served by any further proceedings.

***Commonwealth v. Johnson***, 945 A.2d 185, 188 (Pa.Super. 2008), ***appeal denied***, 956 A.2d 433 (Pa. 2008), quoting ***Commonwealth v. Taylor***, 933 A.2d 1035, 1040 (Pa.Super. 2007) (citations omitted).

> Pennsylvania law makes clear no court has jurisdiction to hear an untimely PCRA petition. ***Commonwealth v. Robinson***, 575 Pa. 500, 508, 837 A.2d 1157, 1161 (2003). The most recent amendments to the PCRA, effective January 16, 1996, provide a PCRA petition, including a second or subsequent petition, shall be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1); ***Commonwealth v. Bretz***, 830 A.2d 1273, 1275 (Pa.Super. 2003); ***Commonwealth v. Vega***, 754 A.2d 714, 717 (Pa.Super. 2000). A judgment is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S.A. § 9545(b)(3).

*Commonwealth v. Monaco*, 996 A.2d 1076, 1079 (Pa.Super. 2010).[3]

> The three statutory exceptions to the timeliness provisions in the PCRA allow for very limited circumstances under which the late filing of a petition will be excused. 42 Pa.C.S.A. § 9545(b)(1). To invoke an exception, a petition must allege and prove:
>
> (i)  the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii)  the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (iii)  the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.
>
> 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). "As such, when a PCRA petition is not filed within one year of the expiration of direct review, or not eligible for one of the three limited exceptions, or entitled to one of the exceptions, but not filed within 60 days of the date that the claim could have been first brought, the trial

---

[3] "There exists a *proviso* to the 1995 amendments to the PCRA which provides a grace period for petitioners whose judgments have become final on or before the effective date of the amendments. However, the *proviso* is not applicable to second or subsequent PCRA petitions." *Johnson*, 945 A.2d at 188 n.2, citing *Commonwealth v. Thomas*, 718 A.2d 326 (Pa.Super. 1998) (*en banc*).

> court has no power to address the substantive merits of a petitioner's PCRA claims." ***Commonwealth v. Gamboa-Taylor***, 562 Pa. 70, 77, 753 A.2d 780, 783 (2000); 42 Pa.C.S.A. § 9545(b)(2).

***Id.*** at 1079-1080. "To invoke an exception, the petitioner must plead it and satisfy the burden of proof." ***Commonwealth v. Geer***, 936 A.2d 1075, 1077 (Pa.Super. 2007), ***appeal denied***, 948 A.2d 803 (Pa. 2008), citing ***Commonwealth v. Beasley***, 741 A.2d 1258, 1261 (Pa. 1999).

Instantly, the Supreme Court of Pennsylvania affirmed appellant's judgment of sentence on December 1, 1977. Appellant filed the current petition, his third, on May 10, 2016, nearly 40 years later. Therefore, appellant's current PCRA petition is manifestly untimely on its face. Appellant asserts that his sentence is illegal under ***Alleyne v. United States***, ___ U.S. ___, 133 S.Ct. 2151 (2013), and its progeny (holding that any fact that, by law, increases the penalty for a crime is required to be treated as an element of the offense, submitted to a jury, rather than a judge, and found beyond a reasonable doubt). However, "even claims that a sentence was illegal, an issue deemed incapable of being waived, are not beyond the jurisdictional time restrictions." ***Commonwealth v. Grafton***, 928 A.2d 1112, 1114 (Pa.Super. 2007), citing ***Commonwealth v. Fahy***, 737 A.2d 214 (Pa. 1999); ***Commonwealth v. Beck***, 848 A.2d 987 (Pa.Super. 2004). Therefore, appellant's illegal sentencing claim does not operate as an independent exception to the PCRA's jurisdictional time-bar.

To the extent that appellant is arguing that the after-recognized constitutional right exception, enumerated at 42 Pa.C.S.A. § 9545(b)(1)(iii) applies, he is mistaken. Recently, our supreme court decided that *Alleyne* does not apply retroactively to collateral attacks on mandatory minimum sentences advanced in post-conviction relief proceedings. *Commonwealth v. Washington*, 142 A.3d 810 (Pa. 2016); *see also Commonwealth v. Riggle*, 119 A.3d 1058 (Pa.Super. 2015) (holding that *Alleyne* did not apply retroactively in a PCRA setting, where Riggle's judgment of sentence became final 15 months <u>before</u> the Supreme Court decided *Alleyne* in June of 2013). Furthermore, it is well settled that *Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. *Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014).

The Pennsylvania Supreme Court in *Washington* decided that the *Alleyne* ruling was not substantive nor was it a groundbreaking, "watershed" rule of criminal procedure that applies retroactively on collateral review. *Washington*, 142 A.3d at 818-819. *See Teague v. Lane*, 489 U.S. 288 (1989) (plurality) (a new constitutional rule of criminal procedure does not generally apply to convictions that were final when the new rule was announced). As such, appellant is not entitled to the benefit of *Alleyne*.

As appellant's petition, his third, is patently untimely and appellant has failed to plead and prove the applicability of any exception to the PCRA's

time-of-filing requirements, the PCRA court lacked jurisdiction to consider the merits of appellant's issues and did not err in dismissing appellant's petition without an evidentiary hearing.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/18/2017